No. 99,202

In the Matter of CHERIE N. CROW, *Respondent.*

(179 P.3d 1093)

Opinion filed March 28, 2008.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Cherie N. Crow, of Prairie Village, Kansas, an attorney admitted to the practice of law in Kansas in 1998. Respondent's license to practice law in Kansas was temporarily suspended on October 6, 2004, for failure to pay the annual attorney registration fee, fulfill the required hours of continuing legal education, pay the noncompliance fee for the 2003-04 compliance period, and pay the annual CLE fee for 2004. The suspension remains in effect.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys on July 24, 2007. The respondent did not appear.

The hearing panel concluded that the respondent violated KRPC 8.1(b) (2007 Kan. Ct. R. Annot. 553) (failure to respond and to cooperate with investigation) and Supreme Court Rule 207(b) (2007 Kan. Ct. R. Annot. 288) (duty to cooperate). The panel unanimously recommends that the respondent be indefinitely suspended from the practice of law in the state of Kansas. Respondent did not file exceptions to the final hearing report.

The panel's findings of fact, conclusions of law, and recommendations for discipline are reproduced in part as follows:

### "FINDINGS OF FACT

. . . .

"2. In approximately June, 2004, James Chivers filed a complaint against the Respondent. Thereafter, on June 10, 2004, Frank D. Diehl, Deputy Disciplinary Administrator, wrote to the Respondent, informed her that a complaint had been

filed, enclosed a copy of the complaint, and directed her to respond to the complaint in writing within 15 days. The Respondent failed to provide a written response to the complaint as directed.

"3. On August 6, 2004, Mr. Diehl again wrote to the Respondent. Mr. Diehl reminded the Respondent that he had previously directed her to provide a written response to Mr. Chivers' complaint. Mr. Diehl directed the Respondent to provide a written response to the complaint within ten days. The Respondent again failed to provide a written response to Mr. Chivers' complaint.

"4. Mr. Diehl referred Mr. Chivers' complaint to the Johnson County Ethics and Grievance Committee for investigation. Frank L. Austenfeld, a member of the Johnson County Ethics and Grievance Committee, was appointed to investigate Mr. Chivers' complaint. On August 30, 2004, Mr. Austenfeld wrote to the Respondent and directed her to provide a written response to Mr. Chivers' complaint within seven days. The Respondent failed to provide a written response to Mr. Chivers' complaint as directed.

"5. On November 3, 2004, Mr. Austenfeld again wrote to the Respondent and directed her to provide a written response to Mr. Chivers' complaint within ten days. The Respondent again failed to provide a written response to Mr. Chivers' complaint.

"6. On December 23, 2004, Mr. Austenfeld informed the Disciplinary Administrator's office that the Respondent failed to cooperate in the investigation of Mr. Chivers' complaint. Mr. Austenfeld recommended that the disciplinary proceedings commence, given the Respondent's failure to cooperate.

"7. On October 6, 2006, Terry L. Morgan, Special Investigator for the Office of the Disciplinary Administrator, wrote to the Respondent and directed her to contact him to schedule an interview. The Respondent failed to contact Mr. Morgan as directed.

"8. On March 9, 2007, Mr. Diehl filed a Formal Complaint. On that same date, Mr. Diehl had a copy of the Formal Complaint and Notice of Hearing sent, via certified mail, to the Respondent at her last registration address. The package containing the copy of the Formal Complaint and the Notice of Hearing was returned by the United States Post Office to the Disciplinary Administrator's office and marked 'not deliverable as addressed, unable to forward, attempted— not known.'

### "CONCLUSIONS OF LAW

"1. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.'

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, via certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. The package containing a copy of the Formal Complaint and the Notice of Hearing was returned by the United States Post Office, marked 'not deliverable as addressed, unable to forward, and attempted—not known.' The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require.

"2. Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirement in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority. . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b)

The Respondent knew that she was required to forward a written response to the initial complaint — she had been repeatedly instructed to do so in writing by Mr. Diehl and Mr. Austenfeld. Because the Respondent knowingly failed to provide a written response to the complaint filed by Mr. Chivers as directed, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated her duty to the legal profession to cooperate in a disciplinary investigation.

"*Mental State.* The Respondent knowingly violated her duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential harm to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factor present:

"<u>Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.</u> Mr. Diehl and Mr. Austenfeld sent the Respondent a number of letters directing her to provide a written response to the complaint. The Respondent never did so. The Hearing Panel, therefore, concludes that the Respondent obstructed the disciplinary proceeding by failing to comply with rules and orders of the disciplinary process.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstance present:

"<u>Absence of a Prior Disciplinary Record.</u> The Respondent has not previously been disciplined.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standard:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

### "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended.

"The Respondent has completely failed to cooperate and communicate with the Disciplinary Administrator's office. Because the Respondent has failed to provide any explanation whatsoever for her complete failure to cooperate and communicate, the Hearing Panel feels compelled to recommend that she be indefinitely suspended. An indefinite suspension will ensure that the public is protected from the Respondent until such time that she has established, at a reinstatement hearing, that she is in a position to practice law again. Thus, based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the State of Kansas."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 304) (misconduct to be established by clear and convincing evidence).

The respondent did not file any exceptions to the panel's final report. Accordingly, the final report is deemed admitted. Supreme Court Rule 212(d) (2007 Kan. Ct. R. Annot. 317).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt the same.

We note further that, contrary to Supreme Court Rule 212(d), respondent did not appear at the hearing before us or offer an explanation for her absence, although a copy of the hearing notification was mailed to her in accordance with our rules.

With respect to the discipline to be imposed, the panel's recommendation that the respondent be indefinitely suspended from the practice of law in the state of Kansas is advisory only and shall not prevent the court from imposing discipline greater or lesser than that recommended by the panel or the Disciplinary Administrator. Rule 212(f).

After careful consideration, we conclude indefinite suspension is the appropriate discipline to be imposed herein.

IT IS THEREFORE ORDERED that Cherie N. Crow be and she is hereby indefinitely suspended from the practice of law in the state of Kansas in accordance with Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.